Eva-Maria Mayer
Edward W. Floyd
**ZEILER FLOYD ZADKOVICH
(US) LLP**
215 Park Ave South, 11th Floor
New York, New York 10003
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

INALCA S.P.A.,

|  |  |
|---|---|
| Plaintiff, | Civil Action No._____ |
| -against- | **COMPLAINT IN ADMIRALTY** |
| ATLANTIC PACIFIC LINES (ITALY) SRL;<br>ATLANTIC PACIFIC LINES INC.; HAPAG-<br>LLOYD (ITALY) SRL; HAPAG-LLOYD AG, |  |
| Defendants. | |

------------------------------------------------------------

### COMPLAINT

Plaintiff, INALCA S.p.A. (hereinafter "Inalca" or "Plaintiff"), by its attorneys, ZEILER FLOYD ZADKOVICH (US) LLP, as and for its complaint against defendants Atlantic Pacific Lines (Italy) SrL ("APL-SRL"), Atlantic Pacific Lines Inc. ("APL-INC") (jointly the "APL-Entities"), Hapag-Lloyd (Italy) SrL ("HAPAG-SRL"), and Hapag-Lloyd AG ("HAPAG-AG") (jointly the "HAPAG-Entities") (jointly with the APL-Entities hereinafter as the "Defendants"), alleges upon information and belief, as follows:

1.      At all times hereinafter mentioned, Plaintiff Inalca was and now is a producer of beef products organized and existing by virtue of the laws of a foreign state. Inalca was the owner of the goods relevant to this dispute.

1

2.      At all times hereinafter mentioned Defendant APL-SRL was and now is a shipping company organized and existing by virtue of the laws of a foreign state and was a carrier of the goods relevant to this dispute.

3.      At all times hereinafter mentioned Defendant APL-INC was and now is a shipping company organized and existing by virtue of the laws of a state within the United States and was a carrier of the goods relevant to this dispute.

4.      At all times hereinafter mentioned Defendant HAPAG-SRL was and now is a shipping company organized and existing by virtue of the laws of a foreign state and was a carrier of the goods relevant to this dispute.

5.      At all times hereinafter mentioned Defendant HAPAG-AG was and now is a shipping company organized and existing by virtue of the laws of a foreign state and was a carrier of the goods relevant to this dispute.

6.      Plaintiff is and/or was the shipper, consignee, or owner of the shipment at issue herein, and brings this action on its own behalf and/or as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

7.      This is an admiralty and maritime dispute within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Court's admiralty jurisdiction pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. §1333.

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1333, as this case arises out of a contract for the shipment of goods overseas by maritime transportation and this satisfies the requirements for federal admiralty jurisdiction. The bill of lading issued by the APL-

Entities prominently states that it was issued in New York. This Court has supplemental jurisdiction over common law claims pursuant to 28 U.S.C. § 1367.

9.      On information and belief, venue and personal jurisdiction are also proper pursuant to the APL-Entities' terms incorporated in the APL-Entities' bill of lading.

10.      This is an action for the damage of a shipment of approximately 16,944.00KGs of refrigerated beef (the "Cargo") being transported in international and interstate commerce overseas by the Defendants.

11.      On or about August 22, 2019, Inalca purchased the Cargo from Greater Omaha Packing Co. Ltd., a third party not named in this action.

12.      On or about that same day, the APL-Entities contracted to arrange for and carry the entire shipment of the Cargo from Omaha, Nebraska to Genoa, Italy.

13.      On or about August 22, 2019, upon information and belief, the Cargo was loaded in a container (the "Container") and loaded aboard the APL-Entities' truck. The Container was shipped pursuant to the APL-Entities' bill of lading numbered DT19-7558 (the "Bill of Lading"). Due to the nature of the Cargo, the carrier was required to maintain a temperature of -1.7C throughout the entirety of the transport.

14.      On or about August 23, 2019, the Container, upon information and belief while still in the APL-Entities' possession, custody, or control, was loaded aboard a train to Montreal, Canada.

15.      On or about September 10, 2019, the Container, was loaded aboard the M/V DETROIT EXPRESS (the "Vessel"). The HAPAG-Entities also issued a seaway bill of lading with one or more of the APL-Entities named as shipper, consignee, and notify party.

16.      On or after September 30, 2019, the Container was discharged at Genoa, Italy.

17.     On or about October 7, 2019, the Container arrived at the Inalca Warehouse in Ospedaletto Lodigiano, Lodi, Italy – its destination. The Container was opened, and it was noted that the Cargo was in damaged condition with abnormal presence of serum, variations of color and dehydration.

18.     On or about October 10, 2019, a joint survey with the APL-Entities' representatives was arranged to assess the damage to the Cargo.

19.     Thereafter, the surveyors issued their report in which it was stated that the damage to the Cargo was caused by exposure to temperatures higher than required.

20.     Due to the Defendants' failure to maintain the required temperature and otherwise in breach of their obligations as carriers and bailees, Inalca has suffered damages in amount to be determined but no less than USD 38,671.10.[1]

## COUNT I

### (Breach of Maritime Contract)

21.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 of this complaint as though fully restated herein.

22.     By reason of the premises, Defendants have breached their duties and obligations as maritime carriers and bailees of the Cargo and as otherwise owed pursuant to maritime contractual obligations, in one or more of the following ways:

(a)     Failing to deliver the Cargo in the condition in which it was received; and

(b)     Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

---

[1] Corresponding to Euro 33,188.95 (conversion rate from www.oanda.com on 9.29.2020).

23.     Plaintiff brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said Cargo, as the respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

24.     Plaintiff has duly performed all duties and obligations on its part to be performed.

25.     By reason of the premises, Plaintiff has sustained damages, as nearly as can be estimated, no part of which has been paid, in the minimum amount of USD 38,671.10, plus interest, costs and expenses.

WHEREFORE, Inalca prays that judgment be entered in its favor and against Defendants in the minimum amount of USD 38,671.10, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT II

### (Bailment)

26.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 of its complaint as though fully restated herein.

27.     Defendants received the Cargo, in good order and condition, for delivery to the end receiver in Genoa, Italy.

28.     Thereafter, Defendants delivered the Cargo in damaged condition.

29.     By reason of the premises, Defendants breached their duties and obligations as carriers and bailees of the Cargo by failing to deliver the Cargo in the same condition as received.

30.     Plaintiff brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said Cargo, as the respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

31.     Plaintiff has duly performed all duties and obligations on its part to be performed.

32.     By reason of the premises, Plaintiff has sustained damages, as nearly as can be estimated, no part of which has been paid, in the minimum amount of USD 38,671.10, plus interest, costs and expenses.

WHEREFORE, Inalca, prays that judgment be entered in its favor and against Defendants, in the minimum amount of USD 38,671.10, plus interest, costs and expenses, and for such other relief as this Court deems just.

Dated: New York, New York
         September 29, 2020

Respectfully Submitted,

/s/ Eva-Maria Mayer
Eva-Maria Mayer

eva.mayer@zeilerfloydzad.com
(617) 943 7957
Edward W. Floyd
ed.floyd@floydzad.com
(917) 999 6914
ZEILER FLOYD ZADKOVICH (US) LLP
215 Park Ave South, 11th Floor
New York, New York 10003

*Attorneys for Plaintiff*